Eastern District of Kentucky
FILED

JAN 17 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-MC-130-DCR

WALTER CALLIHAN, ET AL.,                                                PLAINTIFFS

V.                    **REPORT AND RECOMMENDATION**

GRAYSON RURAL ELECTRIC
COOPERATIVE CORPORATION, ET AL.,                                        DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

By Order of October 14, 2005, the presiding district judge referred this matter to United States Magistrate Judge Peggy E. Patterson for the purpose of issuing a report and recommendation concerning the motion of plaintiff Goldie Callihan, *pro se*, for leave to proceed *in forma pauperis* [DE #3] and to conduct any hearing that may be necessary to determine "if movant is competent to proceed herein *in forma pauperis*." Order, DE #4.

Subsequently, by Order of December 5, 2005, United States Magistrate Judge Peggy E. Patterson recused herself from further participation in this case and reassigned this matter to the undersigned Magistrate Judge. [DE #5].

Thereafter, by Order of December 13, 2005, this matter was scheduled for a hearing on December 28, 2005, at 9:00 a.m., in Lexington, Kentucky.

## II. THE HEARING

The hearing of plaintiff Goldie Callihan's motion for leave to proceed *in forma pauperis* was held as scheduled on December 28, 2005, at 9:00 a.m. The Magistrate Judge scheduled this matter for a hearing in open court for two reasons: (1) on plaintiffs' application for leave to proceed *in forma pauperis*, plaintiffs represented that they owned a residence and meat packing plant valued at $37,500, but that same was also encumbered in the amount of $37,500, and (2) on December 6, 2005, James D. Osborne, an attorney in South Shore, KY, filed an entry of appearance advising that

he represented plaintiff Goldie Callihan. James D. Osborne was present at this hearing, appearing on behalf of plaintiff Goldie Callihan, who was not present at this hearing. Mr. Osborne stated that Goldie Callihan was physically unable to attend this hearing. Mr. Osborne also stated that he is representing Goldie Callihan *pro bono* and that he will remain as her counsel throughout the duration of this case.

**A.     Mr. Osborne's *pro bono* representation of Goldie Callihan**

The fact that James Osborne informed the court that while he had been retained to represent plaintiff Goldie Callihan, he was representing her *pro bono*. Such *pro bono* representation satisfies the Magistrate Judge's concern that if Goldie Callihan had the financial resources to retain counsel, she might not qualify to proceed herein *in forma pauperis*.

**B.     Valuation of Goldie Callihan's residence and meat packing plant**

On plaintiffs' *in forma pauperis* application, they represented that they owned a residence and meat packing plant valued at $37,500, but that there was a lien on the property equal to the value thereof.

At the hearing on December 28, 2005, the Magistrate Judge directed plaintiff's counsel, James Osborne, to supplement Goldie Callihan's application for leave to proceed *in forma pauperis* with certified copies of documents concerning the legal arrangement between plaintiff and her nephew, Tim Callihan, concerning the mortgage lien held by plaintiff's nephew against plaintiff's real property.

In compliance with the court's orders, on January 3, 2006, plaintiff's counsel supplemented Goldie Callihan's *in forma pauperis* application with the following documents:

1. A certified copy of the Master Commissioner's Deed to plaintiff and her husband dated June 28, 1989, concerning the purchase of their residence;

2. A certified copy of a mortgage in the principal amount of $29,013.96, from mortgagors Walter Callihan and Goldie Callihan to mortgagee Tim Callihan dated May 8, 1989, concerning the real estate referenced in the foregoing Master Commissioner's deed;[1]

3. A copy of a Property Card from the Property Valuation Administrator dated December 28, 2005, reflecting that the property in question is valued at $47,125.[2]

In supplementing plaintiff Goldie Callihan's *in forma pauperis* application, her counsel further states that no payments have been made on the note which is secured by the foregoing mortgage to Tim Callihan; therefore, the interest plus principal plaintiffs owe to Tim Callihan exceed the value of the real property in question.[3]

## C.  Competency of Goldie Callihan

To reiterate, the district court referred this matter to the Magistrate Judge to determine "if movant is competent to proceed herein *in forma pauperis*." Order, DE #4. The Magistrate Judge presumes that the district court's intention in making this referral was for the Magistrate Judge to determine whether Goldie Callihan met the financial prerequisites necessary to proceed *in forma pauperis*. For the reasons stated above, the Magistrate Judge is unable to presently make that determination.

However, there may also be an issue concerning whether Goldie Callihan is capable or competent to prosecute this action. Page 15 of plaintiffs' complaint states: "And Goldie states that she is 77 years old and has suffered a complete nervous breakdown, is very sick, is suffering from

---

[1] Plaintiff's counsel states that the note which secures this mortgage calls for an interest rate of 6%; however, the note in question was not provided to the court with the plaintiff's supplementing documents.

[2] The documents plaintiff's counsel submitted also includes a copy of a Last Will and Testament executed by Walter Callihan on July 18, 1983; however, since Walter Callihan is not deceased, this Last Will and Testament has no legal effect.

[3] However, in the absence of any testimony from Tim Callihan, who was not present at the hearing on December 28, 2005, or any testimony from an appraiser concerning the value of the real property in question, the Magistrate Judge is unable to determine whether plaintiff Goldie Callihan has any equity in said real property.

insomnia and that she is under the care of the medical profession for depression from heat and cold exhaustion and from the mental stress created by GRECC's and KPSC's **illegal** monopoly." (Emphasis in original). Complaint, p. 15. In view of the foregoing statement, plus the fact that plaintiff's counsel stated at the hearing on December 28, 2005, that Goldie Callihan was physically unable to attend the hearing, the Magistrate Judge has concerns that perhaps Goldie Callihan is unable, both physically and mentally, to prosecute this case.

The Magistrate Judge having considered this matter and being duly advised,

The Magistrate Judge concludes that he is unable at this juncture to make a recommended ruling on plaintiff Goldie Callihan's application for leave to proceed *in forma pauperis*.

The Clerk of the Court shall forward a copy of this Report and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Report and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Rule 8(b)(3), Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This __17th__ day of January, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

4