UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

| | | |
|---|---|---|
| WALTER CALLIHAN and GOLDIE CALLIHAN, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 0: 05-MC-130-DCR |
| V. | ) ) | |
| GRAYSON RURAL ELECTRIC COOPERATIVE CORPORATION, et al., | ) ) ) | **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 22, 2005, Walter Callihan and his wife, Goldie Callihan, tendered a Complaint to the Clerk of the Court for filing. [Record No. 1]  It does not appear that any filing fee was presented at the time the Complaint was tendered.  However, on that same date, the Clerk filed in the record an Order entered October 25, 2004, which barred and enjoined Walter Callihan from filing any new civil actions unless and until he:  (i) pays a sanction previously imposed by the Court and (ii) obtains certification from a United States Magistrate Judge that the claims he seeks to assert are not frivolous and that the suit is not brought for any improper purpose. [Record No. 2]  Pursuant to this Order, the Clerk of the Court returned the Complaint to the prospective Plaintiffs on August 23, 2005.

Although no case was technically pending, this action was assigned to the undersigned on September 2, 2005. Also on that date, the prospective Plaintiffs filed a motion for leave to proceed in forma pauperis, purportedly signed by Goldie Callihan.  And although signed by only

-1-

Goldie Callihan, the caption of the pleading lists both Goldie Callihan *and* Walter Callihan as party Plaintiffs. [See Record No. 3, p. 1.] Based on earlier statements concerning Goldie Callihan's ability to represent herself, the Court referred the motion to United States Magistrate Judge Peggy Patterson for the purpose of "issuing a report and recommendation concerning the pending motion pursuant to 28 U.S.C. § 636 *and to conduct any hearing that may be necessary to determine if the movant is competent to proceed herein in forma pauperis*." [Record No. 4; emphasis added.]

The Order referring this issue to Magistrate Judge Patterson was issued October 14, 2005. However on December 5, 2005, Magistrate Judge Patterson recused herself from participation in the case. The pending motion was then referred to United States Magistrate Judge James B. Todd. [Record No. 5] The following day, attorney James D. Osborne entered an appearance on behalf of Goldie Callihan. [Record No. 6]  In addition, Mrs. Callihan's attorney filed a motion for an expedited decision on the pending motion. [Record No. 7] This motion, together with the underlying motion to proceed in forma pauperis was then scheduled for hearing on December 28, 2005, by Magistrate Judge Todd. [Record No. 8] The Order assigning this hearing directed that both Mrs. Callihan and her attorney be present.

The minute sheet from the December 28th hearing before Magistrate Judge Todd indicates that Mrs. Callihan failed to attend. Thus, the Magistrate Judge was unable to assess her competence to proceed as the Court had requested in the earlier referral Order.

On January 3, 2006, and while the motion for leave to proceed in forma pauperis was pending before Magistrate Judge Todd, attorney Osborne submitted an Amended Complaint and

motion for temporary relief, purportedly on behalf of Goldie Callihan. [Record Nos. 11 and 12] However, the caption of these pleadings continue to list both Goldie Callihan and Walter Callihan as party Plaintiffs despite this Court's earlier Orders barring Walter Callihan from filing such pleadings. ***Thus, it appears that attorney Osborne is attempting to circumvent the prior Order of this Court by claiming to represent only Goldie Callihan while, in reality, seeking to obtain relief on behalf of both Mr. and Mrs. Callihan.***

On January 17, 2006, Magistrate Judge Todd issued a Report and Recommendation regarding Goldie Callihan's pending motion for leave to proceed in forma pauperis. [Record No. 13] In relevant part, Magistrate Todd concluded that he was unable to make a determination concerning whether Goldie Callihan has the financial prerequisites to proceed in forma pauperis. And without making a specific recommendaiton, he further stated that he has concerns whether Goldie Callihan is physically and mentally able to prosecute this case.[1]

Having reviewed the Magistrate Judge's report and it appearing that no substantive recommendation has been made, it is hereby

**ORDERED** as follows:

1.       The motion for leave to proceed in forma pauperis will be **GRANTED** to the limited extent that Goldie Callihan will be allowed to file an action without the payment of fees.

_____

[1]       In the section captioned "Competency of Goldie Callihan" the Magistrate Judge states that he "presumes that the district court's intention in making this referral was for the Magistrate Judge to determine whether Goldie Callihan met the financial prerequisites necessary to proceed *in forma pauperis*." The inference is that this was the only purpose of the referral. That assumption is incorrect. As indicated above, the referral was made for two reasons: (i) to determine whether Goldie Callihan had financial resources which would preclude her from proceeding without payment of fees; *and* (ii) *to determine whether Goldie Callihan (who was proceeding without counsel at the time the motion was filed) was mentally competent to proceed in such a manner.* Both issues remain of serious concern to the Court.

This Order does not extend to Walter Callihan and he will not be allowed to proceed as a party Plaintiff.

2.      The Clerk of the Court is directed to **STRIKE** from the record and return to counsel for Goldie Callihan all pleadings bearing a caption which included Walter Callihan as a party Plaintiff.  With the exception of the motion for leave to proceed in forma pauperis, all further docketed motions are **DENIED**.

3.      James Osborne, as counsel of record for Goldie Callihan, may file a civil action on behalf of Mrs. Callihan.  The clerk shall allow this filing in forma pauperis and shall issue summons thereon.  However, if Mr. Osborne attempts to further circumvent the prior orders of this Court, the pleading shall be stricken and he shall be subject to contempt and other possible penalties.

4.      Because Goldie Callihan failed to appear at the December 28, 2005, hearing as directed by the Magistrate Judge, Mr. Osborne shall be required to file a statement in the record at the time any civil action is filed concerning whether he is satisfied that Mrs. Callihan has the mental and physical ability to prosecute a civil action on her own accord.

5.      The Clerk of the Court is **DIRECTED** to **DISMISS** this matter which has been docketed as a miscellaneous action.  Any action which is subsequently filed by attorney James D. Osborne on behalf of Goldie Callihan shall be assigned a new case number.

This 25th day of January, 2006.



Signed By:

**_Danny C. Reeves_**

**United States District Judge**